IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

PRECISION FRANCHISING, LLC,  )
                                )
    Plaintiff,           )
                                )
       v.             )     1:06cv1148 (JCC)
                                )
CHADWICK A. COOMBS, *et al.*  )
                                )
    Defendants.         )

# M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendants' motion to dismiss and motion to transfer venue to the Richmond Division of the Eastern District of Virginia pursuant to 28 U.S.C. § 1404. For the reasons stated below, the Court will deny both motions.

## I.  Background

Plaintiff Precision Franchising is a Virginia Limited Liability Company and the successor in interest to Precision Tune Auto Care, Inc. ("PTAC").  Precision Franchising is owned in its entirety by Precision Auto Care, Inc., a Virginia corporation. The principal place of business for both Precision Franchising and Precision Auto Care, Inc. has been Leesburg, Virginia, located in Loudoun County.  Defendants Chadwick A. Coombs, Evelyn Coombs, and Morgan Coombs (collectively "Defendants") are citizens of the Commonwealth of Virginia and reside near or around Richmond.

On April 25, 1995 Defendants entered into a franchise

agreement ("Agreement") with Precision Tune, Inc., in order to operate a Precision Tune Auto Care Center in Richmond, VA. Defendants renewed the Agreement on August 2, 2005 for a one-year period ending August 16, 2006.  Defendants then elected not to renew the Agreement for an additional period of time, and allowed it to expire.  The Agreement authorized the operation of a Precision Tune Auto Care service center at 4920 West Broad Street, Richmond, Virginia.  The Agreement required Defendants to cease using all proprietary information and return equipment provided by Plaintiff upon termination.  The Agreement also required Defendants to refrain from operating a similar business on the premises for a two-year period from termination, and to cease using Plaintiff's marks.  Finally, the Agreement provided a forum selection clause waiving objections to venue in the event of litigation.  That clause directly stated:

> The parties agree that any action brought by either party against the other in any court, whether federal or state, shall be brought in the Commonwealth of Virginia *in the judicial district in which Franchisor has its principal place of business* and do hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

(Pltf.'s Mot. Ex. A at ¶25.2 (emphasis added)).

On October 11, 2006 Plaintiff filed a complaint alleging breach of contract, trademark infringement, unfair competition, common law service mark and trade dress

infringement, and tortious interference with contract, seeking, *inter alia,* damages and injunctive relief.   Plaintiff brought this action in the Alexandria Division of the Eastern District of Virginia ("Alexandria Division").   Defendants have filed a motion seeking to transfer venue to the Richmond Division of the Eastern District of Virginia ("Richmond Division").   Defendants filed a separate motion to dismiss for failure to state a claim and improper venue.   These motions are currently before the Court.

## II.  Standard of Review

### A.  Motion to Dismiss

#### i.  Improper Venue

Section 1406(a) of Title 28 of the United States Code permits dismissal of an action where venue is improper.   In a civil action in which jurisdiction is founded only on diversity of citizenship, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).   However, where the parties have previously agreed on a forum through a forum selection clause, courts must "enforce [a] forum clause specifically unless [the party avoiding enforcement can] clearly show that enforcement would be

unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

### ii.  Failure to state a claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

### B.  Motion to Transfer

Section 1404(a) addresses motions to transfer.  With respect to transfer, the relevant portion of the statute instructs that:

> For the convenience of the parties and
> witnesses, in the interest of justice, a
> district court may transfer any civil action
> to any other district or division where it
> might have been brought.

28 U.S.C. § 1404(a). This rather ambiguous standard has been
interpreted to require consideration of the following four
factors: (1) the plaintiff's choice of venue; (2) witness
convenience and access; (3) the convenience of the parties; and
(4) the interest of justice. *Bd. of Trs., Sheet Metal Workers
Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.,* 702
F.Supp. 1253, 1256-62 (E.D. Va. 1988). The interest of justice
factors include such circumstances as the pendency of a related
action, the court's familiarity with the applicable law, docket
conditions, access to premises that might have to be viewed, the
possibility of unfair trial, the ability to join to other
parties, and the possibility of harassment. *GTE Wireless, Inc.
v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999).
Notably, in weighing the factors in a § 1404(a) analysis, a
district court should consider the presence of a valid forum
selection clause as central to the calculus, weighing heavily in
favor of the contractual forum. *Stewart Org. v. Ricoh Corp.*, 487
U.S. 22, 29 (1988).

### III. Analysis

Defendants move to dismiss Plaintiff's Complaint
pursuant to Rule 12(b)(6) for failure to state a claim for which

relief can be granted, and for improper venue under 28 U.S.C. §
1391(a).  Defendants argue in a separate motion that this
litigation should be transferred under 28 U.S.C. § 1404(a) to the
Richmond Division of the Eastern District of Virginia based upon
convenience to the parties and witnesses.  *Id.* at 12.  This Court
will address both of these motions.

A.  Motion to Dismiss For Failure to State a Cause of Action

Defendants first move to dismiss the five-count
complaint on the ground that it does not state a claim for which
relief may be granted.  A motion to dismiss should only be
granted when a Plaintiff has pled no set of facts, which, if
proven true, could state a claim for which relief may be granted.
*See, e.g., Rogers v. Jefferson-Pilot Life Ins. Co.,* 883 F.3d 324,
325 (4th Cir. 1989).  In considering a motion to dismiss, the
Court must accept the factual allegations in the Complaint as
true and afford the Plaintiff the benefit of all reasonable
inferences.  *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th
Cir. 1993).

Defendants readily admit that the Complaint states a
cause of action for breach of contract and violations of the
Lanham Act, but nonetheless ask this Court to dismiss the Count
because, according to their motion, the *Answer* to the Complaint
proves the allegations to be incorrect.  Defendants make no
attempt to challenge the legal sufficiency of the allegations in

6

the Complaint, but instead attempt to factually discount them through their own motion.  Plaintiff has thus offered no legitimate grounds for dismissal, as conclusory and unsupported statements regarding the validity of facts alleged in the Complaint cannot be the basis for a dismissal.  Furthermore, upon review of the Complaint, this Court finds that Plaintiff adequately pled factual allegations necessary to state a cause of action for each count.  Defendant's motion is frivolous and lacks merit.  Accordingly Defendant's motion to dismiss for failure to state a claim will be denied.

B.  Motion to Dismiss for Improper Venue

Before reaching the question of whether venue is proper under 28 U.S.C. § 1391, the Court must first determine whether venue would be proper by virtue of the parties' previous agreement on a forum through a forum selection clause.  To make this preliminary determination, the Court must analyze the validity of the forum selection clause contained in the Franchise Agreement.  If the forum selection clause is valid and should be enforced, then venue is deemed to be proper in the chosen forum and dismissal is inappropriate.  Conversely, if the forum selection clause should not be enforced, the Court must then independently analyze whether venue was laid properly in this district under 28 U.S.C. § 1391(a).  Therefore, the Court must first address the validity of the forum selection clause.

On or around April 25, 1995, Defendants Chadwick and
Evelyn Coombs entered into the Franchise Agreement with PTAC that
includes a forum selection clause calling for venue to be in
Virginia.  It provides:

> The parties agree that any action brought by
> either party against the other in any court,
> whether federal or state, shall be brought in
> the Commonwealth of Virginia *in the judicial
> district in which Franchisor has its principal
> place of business* and do hereby waive all
> questions of personal jurisdiction or venue
> for the purpose of carrying out this
> provision.

(Pltf.'s Opp. Mot. to Trans. Ex. A at ¶25.2 (emphasis added)).
In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the
Supreme Court stated that courts are to "enforce [a] forum clause
specifically unless [the party avoiding enforcement can] clearly
show that enforcement would be unreasonable and unjust, or that
the clause was invalid for such reasons as fraud or
overreaching."  *Id.* at 15.  Consistent with the Supreme Court's
view, the Fourth Circuit has held that "absent a showing that the
chosen forum is unreasonable or was imposed by fraud or unequal
bargaining power, the parties' choice should be enforced."
*Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d 332, 339
(4th Cir. 2002)(citing *Bremen,* 407 U.S. at 10).

Defendants claim that "unequal bargaining power and
overreaching" was present when the clause was executed, because
Chadwick and Evelyn Coombs are in their eighties and did not

8

understand the agreement.  These claims offer no grounds for this Court to find that the agreement was a product of fraud or unequal bargaining power.  To the contrary--Defendants and Plaintiff entered into a valid franchise agreement, which they upheld for over a decade.  In consideration of the language of the forum selection clause, the Supreme Court precedent favoring such clauses, and the absence of any argument from the Defendants to the contrary, this Court has no reason to find that it is unreasonable, unjust, or the product of fraud.  Therefore, venue is proper in the Alexandria Division by virtue of the forum selection clause, and the Plaintiff's motion to dismiss for improper venue is denied.  In light of this Court's decision that venue is proper by virtue of a valid forum selection clause, this Court need not reach the issue of whether venue is independently proper under 28 U.S.C. § 1391.

### C.  Motion to Transfer

Defendants argue for a transfer of this litigation to the Richmond Division of the Eastern District of Virginia under § 1404(a).  In ruling on a motion to transfer, a forum clause figures "centrally in the district court's calculus," although it is not completely dispositive.  *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  A party may still seek to transfer venue to another forum based upon the § 1404(a) factors of: (1) the plaintiff's choice of venue; (2) witness convenience and access;

(3) the convenience of the parties; and (4) the interest of justice. *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F.Supp. 1253, 1256-62 (E.D. Va. 1988). However, in light of the valid forum selection clause, these factors must weigh heavily in favor of transfer. The Court will briefly examine these four factors with respect to this case.

### *(1) Plaintiff's Choice of Venue*

A plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate, especially when the chosen venue is his home forum or the contractual forum in a forum selection clause. *See, e.g., Gulf Oil v. Gilbert,* 330 U.S. 501, 508 (1946). Precision Franchising has selected its home forum as venue since its principal place of business is located in Leesburg, Virginia, within the Eastern District of Virginia. Additionally, as stated before, the contractual forum in the forum selection clause is also the Alexandria Division. Therefore, the Plaintiff's choice of venue weighs significantly in favor of the plaintiff and against transfer.

### *(2) Witness Convenience and Access*

This factor is often the most important in balancing for a potential § 1404(a) transfer, but the influence of this factor may not be assessed without reliable information

identifying the witnesses involved and specifically describing their testimony.  *See Board of Trustees, Sheet Metal Workers Not. Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F.Supp. 1253, 1258 (E.D. Va. 1988).  Transfer is inappropriate when the result of transfer merely serves to shift the balance of inconvenience from one party's witnesses to the other's.  *Eastern Scientfic Marketing v. Tenka-Seal Corp.,* 696 F.Supp. 173, 180 (E.D. Va. 1988).  In this case, Defendants describe the subjects of testimony, and provide some information identifying the witnesses as "employees of Defendant." (Def.'s Mot. at 3), However, they do not specifically identify any witnesses, or offer any reasons why a witness may be unavailable if trial is held in Alexandria.  Defendants only state that they "may not be able to afford the expense of having the many witnesses they will have to call...to travel to this venue from Richmond," but do not offer any factual basis.  (Def.'s Mot. at 3).  To the contrary, Plaintiff has identified three witnesses, by name, who reside in this district that would be inconvenienced by a transfer to Richmond.  (Pltf.'s Opp. Brf. at 10).  Accordingly, transfer would only shift inconvenience from one party to another, and this Court must conclude that this factor does not weigh in favor of transfer.

11

*(3) Convenience of the Parties*

Parties' relative convenience is also a factor for this Court to consider.  However, "when plaintiffs file suit in their home forum, convenience to parties rarely, if ever, operates to justify transfer." *Board of Trustees,* 702 F.Supp. at 1259.  In such cases, transfer would likely serve only to "shift the balance of inconvenience" from defendant to plaintiff.  *Id.* Plaintiff filed this suit in its home forum consistent with an agreed upon forum selection clause.  Defendants argue that they are inconvenienced by this litigation because they reside in Richmond and their business is in Richmond, and Morgan Coombs is under heavy medication and suffers back problems.  However, Defendants offer no affidavits or evidence supporting an inability to appear in Alexandria.  Furthermore, Richmond is an inconvenient location for Plaintiff to pursue their suit, and the assertion that "forum should not matter to the Plaintiff" because it is a successful and wealthy corporation lacks merit or legal basis.  Accordingly, transfer to the Richmond Division would simply shift the balance of inconvenience from the Defendants to the Plaintiff, and convenience of the parties does not weigh persuasively in favor of transfer.

*(4) The Interest of Justice*

This category is meant to include all those factors bearing on the suit other than convenience of witnesses and the

parties.  Such factors include: the pendency of a related action, a court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join to other parties, and the possibility of harassment.  *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999).

Defendants first claim that the forum selection clause should not be enforced because of "unequal bargaining power and overreaching" present when the clause was executed.  Forum selection clauses are *prima facie* valid; absent a showing that the chosen forum is unreasonable or was imposed by fraud or unequal bargaining power, such clauses should be enforced. *Vulcan Chemical Technologies, Inc. v. Barker,* 297 F.3d 332, 339 (4th Cir. 2002)(citing *Bremen,* 407 U.S. at 10).  As noted before, Defendants' argument that their age and the mere fact that they did not have legal counsel present when they signed the agreement constitutes an unequal bargaining power lacks merit.  This Court once again concludes that Plaintiff and Defendants entered into a valid, binding contract and Defendants have not shown unequal bargaining power.

Defendants' assertion that a related litigation will be filed in Richmond, and will likely see this Plaintiff impleaded, also lacks merit.  Defendants cite to no actual pending litigation, but only to the possibility of pending litigation at

some future time. (Def.'s Mot. at 4). Accordingly, this argument offers no support for transfer. Therefore, the interest of justice does not weigh in favor of transfer.

   *(5) Conclusion*

       In balancing these considerations, none of the factors weigh in favor of transfer to the Richmond Division, and the Alexandria Division is clearly the preferred forum. In light of this balancing of § 1404 factors, the forum selection clause, and the recent transfer to this district, this Court hereby concludes this litigation should not be transferred to the Richmond Division, but should remain in Alexandria.

## IV.  Conclusion

       For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim and improper venue will be denied, and Defendants' motion to transfer will be denied. An appropriate Order will issue.


December 27, 2006            _____/s/_____
Alexandria, Virginia                  James C. Cacheris
                             UNITED STATES DISTRICT COURT JUDGE